**RIETMANN & KIM, LLP**
Nathan R. Rietmann, OSB#053630
Daemie M. Kim, OSB #123624
1270 Chemeketa Street NE
nathan@rietmannlaw.com
daemie@rietmannlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **RACHEL C. ENGSTROM**,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON CITY SCHOOL DISTRICT NO. 62**; *a political subdivision of the State of Oregon and public body corporate*<br><br>Defendants. | Case No. 3:24-cv-1489<br><br>**COMPLAINT**<br>Civil Rights Action<br>(42 U.S.C. § 1983)<br><br>**Demand for Jury Trial** |

Nature of Action

1.

Plaintiff brings this action for violation of her constitutional rights under the Fourteenth Amendment to the United States Constitution. This claim for relief arises under the Constitution and 42 U.S.C. § 1983 for injunctive relief and damages.

Page 1 of 11 | COMPLAINT

**Nathan R. Rietmann**
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

**Daemie M. Kim**
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

Jurisdiction and Venue

2.

Jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The acts alleged herein occurred in the District of Oregon.

Parties

3.

Plaintiff, Rachel C. Engstrom, is a resident and citizen of the State of Oregon. At all relevant times Plaintiff was employed by defendant Oregon City School District No. 62 as a "administrator" as that term is defined in ORS 342.815(1) with a right to continued employment under ORS 342.845(5) and/or held status as a contract administrator laid off from employment with the right to recall to an administrator position pursuant to ORS 342.934(5)(6).

4.

Defendant Oregon City School District No. 62 ("District") is a duly established public body corporate organized under, and exercising authority pursuant to, the laws of the State of Oregon and is, thereby, a political subdivision of the State of Oregon.

5.

Defendant Dayle Spitzer ("Superintendent Spitzer") is a resident of the State of Oregon. At all times relevant, defendant Spitzer held the position of Superintendent of the District, in which capacity she acted as the District's chief executive officer and exercised and otherwise asserted authority of the District under color of law with respect to Plaintiff's rights and interests.

FACTS COMMON TO ALL CLAIMS

6.

Plaintiff has been employed in the education field since 1997.

Page 2 of 11 | COMPLAINT

Nathan R. Rietmann
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

Daemie M. Kim
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

7.

Plaintiff was first employed with District as a reading teacher from 1999 to 2002.

8.

From 2002 to 2017, District employed Plaintiff as an 8th Grade Social Studies teacher.

9.

From 2013 to 2017, District employed Plaintiff as a mentor teacher and peer coach at Ogden Middle School[1] ("Tumwata").

10.

From 2015 to 2017, District employed Plaintiff as a Professional Learning Communities Team Leader at Tumwata.

11.

From 2015 to 2017, District employed Plaintiff as an AVID Site Coordinator at Tumwata.

12.

From 2017 to 2022, District employed Plaintiff as an Assistant Principle at Gardiner Middle School / Todos Unidos by contract dated August 10, 2017, initially as a probationary for 3 years. She obtained contract status under ORS 342.845(5) starting in the 2020-2021 school year.

13.

From 2020 to 2021, District employed Plaintiff as an AVID Site Coordinator at Gardiner Middle School.

---

[1] Ogden Middle School was renamed "Tumwata Middle School" in or around 2021.

**Nathan R. Rietmann**
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com



**Daemie M. Kim**
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

14.

In 2022, District employed Plaintiff as the AVID District Director Support.

15.

From 2022 to 2024, District employed Plaintiff a fulltime Assistant Principal at Redland Elementary School from 2022 to 2023 and as an Assistant Principal splitting time between Redland & Beavercreek Elementary Schools between 2023 and 2024.  Plaintiff's current contract ends in 2026.

16.

After 25 years of employment with the District, over 10 years in leadership positions, and 6 years as an administrator with the District, Plaintiff reasonably expected to continue District employment as an administrator until her projected retirement in or around 2034. Plaintiff's reasonable expectation of continuing employment was based on state law (e.g., ORS 342.845(5), along with her written contract, and the District's custom, practice, and usage.

17.

Defendant Superintendent Spitzer was, at all times relevant, employed by District. Superintendent Spitzer was employed by the Hillsboro School District in various capacities until the District's School Board approved a three-year contract from 2022 to 2025 as superintendent of the District.  Upon being employed by the District as its superintendent, and while acting under color of law and exercising authority on behalf of District, Superintendent Spitzer selected Plaintiff for layoff.  By letter dated April 4, 2024, Superintendent Spitzer notified plaintiff that she was selected for layoff and that her last workday would be June 30, 2024. The notice stated that the layoff should not be considered an adverse reflection of Plaintiff's performance with the District and stated that Plaintiff would be placed on a recall list pursuant to ORS 342.934.

Page 4 of 11 | COMPLAINT

Nathan R. Rietmann
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

Daemie M. Kim
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

18.

District has variously asserted that the elementary school Associate Principal positions were eliminated at the end of the 2023-2024 school year, or that, "The District relied on the factor of cultural or linguistic competence in deciding how to assign one of the less senior administrators to the Spanish dual language elementary program."

19.

Under ORS 342.934(4), reductions in force are to be based on seniority unless a District can show that a junior administrator has cultural or linguistic expertise, or greater competence or merit, than a more senior administrator. Contrary to state law and custom, practice, and usage, the District laid-off Plaintiff while retaining at least six administrators with less seniority, at least two of which held probationary status, and none of whom had greater competence or merit than Plaintiff.

20.

District offered Plaintiff a teaching position for the year following, which Plaintiff accepted while reserving her right to bring claims that her layoff was improper.

21.

Upon being notified that she was being released due to lack of funding, Plaintiff held and enjoyed a reasonable expectation of employment as a District administrator if an administrative position was restored within 27-months following Plaintiff's release due to lack of funding. Plaintiff held and enjoyed this reasonable expectation of employment based on state law (ORS 342.934(5) & (6)) along with her written contract and the District's custom, practice, and usage.

Page 5 of 11 | COMPLAINT

**Nathan R. Rietmann**
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

**Daemie M. Kim**
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

22.

There was an administrative vacancy at Gardiner Middle School but the District did not provide Plaintiff with notice of the vacancy and awarded the position to a Spanish-speaking probationary administrator without prior middle school experience. The District claimed Plaintiff was not eligible for the position due to inferior linguistic skills. Upon information and belief, the District did not previously require the administrator to be bilingual.

23.

The administrators who were hired to, or remain in, administrator positions are probationary, less qualified than Plaintiff, and the District was required to maintain Plaintiff's employment as an administrator. The District did not provide Plaintiff notice that it was considering finding that less senior administrators possessed greater competence and merit such that they should be retained over plaintiff, nor did the District provide Plaintiff meaningful opportunity to be heard on these issues. The administrators at Tumwata are approximately 10 years younger than Plaintiff, who is 55 years old.

24.

Upon information and belief, approximately 86% of District students come from English-only households and less than 2% of District students come from households that are non-English speaking and language skills would not be critical to cultural competence at Tumwata. Approximately 8% of students are English Language Learners ("ELL") and of those ELL, only a small portion are Spanish speaking.

25.

Plaintiff's ability and effectiveness in administration is equal to or exceeds that of individuals who hold administrative positions in the District, and Plaintiff has seniority over

Page 6 of 11 | COMPLAINT

Nathan R. Rietmann
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

Daemie M. Kim
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

individuals who hold administrative positions in the District. Laying off Plaintiff based on assertions that exceedingly junior administrators have greater competence and merit than her has been stigmatizing, emotionally damaging, and injured Plaintiff's professional reputation and ability to obtain other administrative employment.

26.

Defendants, and each of them, failed, neglected, and/or refused Plaintiff's right of recall to administrative positions in the District including but not limited to the following positions: Associate Director of Behavioral Health and Wellness and Teacher on Special Assignment ("TOSA"), Principal position at Beavercreek in 2023, and the Principal position at McLoughlin in 2024 because she allegedly did "not have a future with the District". After interviewing for the Dean of Students TOSA position, Plaintiff was informed that she was the top candidate, but the District decided to add another administrator to the interviewing panel, re-interview the candidates, and select another candidate for the position. The District created the non-administrative TOSA positions, in substantial part, to replace the Associate Principal positions that were eliminated and thereby defeat the right of Plaintiff, and others similarly situated, to be recalled to employment.

27.

The District and Superintendent Spitzer failed to follow the procedures applicable to reduction in force related to administrators and deprived Plaintiff of her contractual and statutory right to continued employment with District.

28.

With loss of past and future earnings as an administrator and loss of past and future earnings in PERS benefits, Plaintiff estimates economic damage in the amount of $1,700,000.

Page 7 of 11 | COMPLAINT

Nathan R. Rietmann
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

Daemie M. Kim
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

29.

As a direct and proximate result of Defendants' conduct, as set forth above, Plaintiff has suffered non-economic damage in the form of pain, suffering, physical manifestations of stress, loss of sleep, anxiety, worry, humiliation, reputational harm, and frustration in the amount of $350,000.

FIRST CLAIM FOR RELIEF

AGAINST DEFENDANTS

30.

Plaintiff incorporates the allegations set forth in paragraphs 1 through 29 herein by this reference. 42 U.S.C. § 1983 provides that any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…."

31.

At all times material, Defendants acted or purported to act under color of law, statute, ordinance, regulation, or custom.

32.

Plaintiff held and enjoyed a reasonable expectation of continuing employment upon her administrator contract with Defendant, as well as under state statute and established District custom, practice, and usage.

Page 8 of 11 | COMPLAINT

Nathan R. Rietmann
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

Daemie M. Kim
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

33.

Under provisions of state law, ORS 342.845(5)(a) Plaintiff held and enjoyed a reasonable expectation that she would be afforded the substantive and procedural protections of ORS 342.865, ORS 342.934(5), (6), and related statutes in the event Defendants sought to terminate her continuing employment for cause or through a reduction in force. Despite this, Defendant wrongly terminated Plaintiff's employment for performance reasons without affording her the substantive and procedural protection to which she was entitled.

34.

Under provisions of state law, ORS 342.934(5), (6), when Defendants caused elimination of an administrator position that resulted in Plaintiff's layoff from employment, Plaintiff held and enjoyed a reasonable expectation of employment if an administrator position became open within 27-months following layoff. Despite this, Defendant deprived Plaintiff of her recall rights by failing to provide her the opportunity to be recalled to available administrative positions.

35.

Defendants, while acting under color of state law, deprived Plaintiff of employment as an administrator from July 1, 2024 onward without due process or equal protection of law in violation of the Fourteenth Amendment to the United States Constitution.

36.

As a result of Defendants' violations of her rights under the Fourteenth Amendment to the United States Constitution, Plaintiff has suffered and will in the future suffer lost income and benefits for which she is entitled to recover damages from Defendants in the sum of $1,700,000.

Page 9 of 11 | COMPLAINT

**Nathan R. Rietmann**
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

**Daemie M. Kim**
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

37.

As further result of Defendants' violations of her rights under the Fourteenth Amendment to the United States Constitution, Plaintiff has sustained personal and emotional distress, impaired professional reputation, and other non-economic damages for which she is entitled to recover from Defendants in the sum of $350,000.

38.

Plaintiff is entitled to prejudgment and post judgment interest on amounts awarded herein.

39.

Plaintiff seeks equitable relief in the form of reinstatement or placement in an administrator position, her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988, and any other relief this court deems just and equitable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the court enter judgment against Defendants as follows:

1. Upon her First Claim for Relief, awarding Plaintiff her damages against Defendants for present and future lost income and benefits in the sum of $1,700,000 together with a further $350,000 sum for personal and emotional distress, impaired professional reputation, and violations of her civil rights.

2. Injunctive relief ordering Plaintiff's reinstatement to employment as a District administrator together with such further relief as the court deems just and equitable upon the premise.

3. Awarding to Plaintiff her costs, disbursements, and reasonable attorney fees in an amount to be determined by the court pursuant to 42 U.S.C. § 1988.

Page 10 of 11 | COMPLAINT

**Nathan R. Rietmann**
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

**Daemie M. Kim**
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury upon all issues so triable.

DATED this 6th day of September, 2024.

                                                   **RIETMANN & KIM, LLP**

                                                   */s/ Nathan R. Rietmann*
Nathan R. Rietmann, OSB #053630
Daemie M. Kim, OSB #123624
nathan@rietmannlaw.com
*Attorneys for Plaintiff*

Page 11 of 11 | **COMPLAINT**

**Nathan R. Rietmann**
1270 Chemeketa St. NE ♦ Salem, OR 97301
T: 503-551-2740 ♦ nathan@rietmannlaw.com

**Daemie M. Kim**
187 High Street NE, Suite 201 ♦ Salem, OR 97301
T: 503-877-9120 ♦ daemie@rietmannlaw.com