IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RACHEL C. ENGSTROM**, | Case No. 3:24-cv-01489-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS** |
| v. | |
| **OREGON CITY SCHOOL DISTRICT NO. 62**, a political subdivision of the State of Oregon and public body corporate, | |
| Defendant. | |

Nathan R. Rietmann & Daemie M. Kim, Rietmann & Kim, LLP, 1270 Chemeketa Street NE, Salem, OR 97301. Attorneys for Plaintiff.

Karen M. Vickers & Beth F. Plass, Vickers Plass LLC, 5200 SW Meadows Road, Suite 150, Lake Oswego, OR 97035. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before the Court is a Motion to Dismiss ("Mot.") pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Oregon City School District No. 62, ECF 4. Plaintiff Rachel Engstrom was employed as a contract administrator by Defendant from 2020 until she was laid off in 2024. Plaintiff brings suit under 42 U.S.C. § 1983, arguing that she was terminated without due process in violation of the Fourteenth Amendment.

PAGE 1 – ORDER GRANTING MOTION TO DISMISS

Defendant moves to dismiss, arguing that Plaintiff does not identify a property interest and that she failed to pursue her administrative remedies. *See* Mot., ECF 4 at 4. This Court concludes that Plaintiff had a property interest in her employment, but that Plaintiff's Complaint does not plead that administrative remedies were inadequate. This Court accordingly grants in part the motion to dismiss and dismisses Plaintiff's Complaint with leave to amend.

## STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007). That means the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a plaintiff cannot "nudge" her claim "across the line from conceivable to plausible, the complaint must be dismissed." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). At this stage, the court must accept as true all factual allegations, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), draw all reasonable inferences in favor of the non-moving party, *id.*, and take care to "examine the allegations of the complaint as a whole," *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021).

## BACKGROUND

For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true. Plaintiff was hired by Defendant as a teacher in 1999. Complaint ("Compl."), ECF 1 ¶ 7. She held a succession of teaching positions before becoming an administrator in 2017. *Id.* ¶¶ 7–12. After a three-year probationary period, Plaintiff became a

PAGE 2 – ORDER GRANTING MOTION TO DISMISS

"contract administrator" during the 2020-2021 school year, employed on a three-year contract. *Id.* ¶ 12; *see* O.R.S. 342.845(5). Her most recent administrator contract was set to expire in 2026. Compl., ECF 1 ¶ 15.

In April 2024, however, Defendant notified Plaintiff that she had been selected for layoff and that her last workday would be June 30, 2024. *Id.* ¶ 17. Defendant informed Plaintiff that this layoff occurred because Defendant lacked sufficient funds to support Plaintiff's position, and that she would be placed on a recall list for vacant administrator positions. *Id.* ¶¶ 17–18, 21. Plaintiff accepted a teaching position with Defendant.[1] *Id.* ¶ 20.

Plaintiff alleges that Defendant laid her off while retaining other, less-senior administrators. *Id.* ¶ 19. She also alleges that, since her layoff, she has been passed over for several other administrative positions. *Id.* ¶¶ 22–23, 26. Plaintiff alleges that Defendant wrongfully terminated her employment without due process of law, in violation of the Fourteenth Amendment's guarantee of procedural due process. *Id.* ¶¶ 33–35.

## DISCUSSION

In an abbreviated motion, Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim because, in its view:

> Plaintiff was not deprived of a property interest. ORS 342.934 allows for a reduction in force due to lack of funding. By statute, Plaintiff's avenue of appeal is to the Employment Relations Board, not this Court.

ECF 4 at 4. This Court first addresses whether Plaintiff has alleged a deprivation of a constitutionally protected property interest. Finding that she has done so, this Court turns to

---

[1] Oregon law allows an administrator who is laid off due to lack of funding to voluntarily return to teaching while retaining her status and seniority as an administrator. O.R.S. 342.934(6)(a).

PAGE 3 – ORDER GRANTING MOTION TO DISMISS

Defendant's suggestion that Plaintiff's "avenue of appeal is to the Employment Relations Board, not this Court." *Id.* To the extent that Defendant is arguing that Plaintiff has failed to allege that available administrative remedies were inadequate, this Court agrees and grants leave to amend.

## A. Property Interest

Plaintiff had a protected property interest in her continued employment as a contract administrator through the end of her contract in 2026. *See Millemann v. Multnomah Educ. Serv. Dist.*, 168 F.3d 500, 1999 WL 50853, at *5 (9th Cir. 1999) (table op.) (concluding that an Oregon school administrator has "a property right in not being demoted to a lower paying or nonadministrative position"). A litigant has a protected property interest in continued employment when state law "limits the grounds upon which an employee may be discharged." *Id.* (citing *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir. 1988)). Oregon law limits the grounds upon which a contract administrator may be discharged. *See* O.R.S. 342.845(5).

Defendant argues that only "a statute or contract that permits termination of employment . . . with 'just cause'" can create a property interest. Reply, ECF 9 at 2. But the Ninth Circuit has held that even a state law that imposes only narrow restrictions can create "a property right in employment free from a discharge violating that restriction." *Armstrong v. Reynolds*, 22 F.4th 1058, 1068 (9th Cir. 2022). Plaintiff therefore adequately pleads that the requirements of due process apply to the termination of her employment.[2]

---

[2] Defendant cites *Papadopoulos v. Oregon State Board of Higher Education* for the proposition that, while a public employment contract "may create rights to continued employment over and above that provided by statute," such a contract "does not create the kind of interest that triggers the requirement of a due process hearing" before termination. Mot., ECF 4 at 3 (quoting 14 Or. App. 130, 168 (1973)). This language is not relevant to this case, where Plaintiff has a right to continued employment by statute. *See* O.R.S. 342.845(5)(a); *see also Papadopoulos*, 14 Or. App. at 168 (explaining that statutory tenure rights "create property interests that cannot be withdrawn without a due process hearing").

PAGE 4 – ORDER GRANTING MOTION TO DISMISS

**B. Administrative Remedies**

Defendant next argues that, "[b]y statute, Plaintiff's avenue of appeal is to the Employment Relations Board, not this Court." Mot., ECF 4 at 4. Plaintiff correctly notes there is no requirement that a plaintiff exhaust state administrative remedies before bringing an action under § 1983.[3] *Patsy v. Bd. of Regents*, 457 U.S. 496, 500–01 (1982).

Defendant's argument is one sentence without citation to authority. Such cursory arguments are usually deemed waived. *Badgley v. United States*, 957 F.3d 969, 979 (9th Cir. 2020). Defendant does attempt to develop this argument in its reply brief, arguing that Plaintiff fails to state a cognizable due process claim because adequate post-deprivation administrative remedies were available. Reply, ECF 9 at 3–4. Arguments raised for the first time in a reply brief are also usually deemed waived. *Loomis v. Cornish*, 836 F.3d 991, 998 n.3 (9th Cir. 2016).

Nonetheless, this Court will address the argument. "[P]ost-deprivation hearings rarely, if ever, satisfy procedural due process in the public employee context." *Millemann*, 1999 WL 50853, at *5; *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (requiring "some kind of a hearing prior to the discharge of an employee"). Defendant does not argue it provided Plaintiff with appropriate procedural safeguards before it decided to terminate her employment, nor does it otherwise point to any procedures—other than the post-deprivation opportunity for arbitration—that may satisfy the requirements of the Due Process Clause.[4]

---

[3] A limited exception applies to prisoners, who are required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), to exhaust available administrative remedies before filing a § 1983 action. Plaintiff is not a prisoner and therefore not subject to this requirement.

[4] Plaintiff argues the notice she received did not adequately inform her of Defendant's reason(s) for terminating her employment and that she did not receive a meaningful opportunity to be heard. Response to Motion to Dismiss, ECF 8 at 8–9; *see Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 933 (9th Cir. 2017) (describing pre-deprivation process requirements). But

PAGE 5 – ORDER GRANTING MOTION TO DISMISS

Defendant instead contends that an employee who fails to pursue her post-deprivation remedies "cannot generally make a due process claim alleging that the procedures available were inadequate." Reply, ECF 9 at 4. This overstates the rule. A plaintiff who fails to pursue "*adequate* administrative procedures" cannot make out a due process claim. *Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 817 (9th Cir. 1981) (emphasis added). There is no denial of due process if constitutionally adequate process is offered and declined. But an employee need not pursue a constitutionally inadequate remedy, and Plaintiff argues that the available procedures in this case were inadequate. Response, ECF 8 at 12–13.

That said, Defendant is correct that Plaintiff did not include allegations about the arbitration procedures in her Complaint. The allegations in Plaintiff's response brief are troubling, but they are in a response brief, not a complaint. This Court will accordingly grant the motion to dismiss on this issue. Leave to amend is appropriate. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

## CONCLUSION

Defendant's Motion to Dismiss, ECF 4, is GRANTED IN PART with leave to amend the complaint. Plaintiff should file her amended complaint by February 5, 2025.

**IT IS SO ORDERED.**

DATED this 15th day of January, 2025.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge

---

Defendant's Motion argues only that Plaintiff should have pursued arbitration, not that the notice it provided to Plaintiff satisfied due process.