**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **RACHEL C. ENGSTROM**, | Case No. 3:24-cv-01489-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **OREGON CITY SCHOOL DISTRICT NO. 62**, a political subdivision of the State of Oregon and public body corporate, | |
| Defendant. | |

Nathan R. Rietmann, Rietmann & Kim LLP, 1270 Chemeketa Street NE, Salem, OR 97301. Attorney for Plaintiff.

Beth Plass & Karen M. Vickers, Vickers Plass LLC, 5200 SW Meadows Road, Suite 150, Lake Oswego, OR 97035. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant's Motion for Summary Judgment ("Motion"), ECF 29. Defendant Oregon City School District No. 62 ("District") employed Plaintiff Rachel Engstrom as a teacher and an administrator from 2002 until 2024 when the District terminated her employment as an elementary school assistant principal and offered her employment as a high school teacher. Engstrom brought this action against the District under 42 U.S.C. § 1983, arguing

PAGE 1 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

that the District terminated her without due process in violation of the Fourteenth Amendment. For the reasons stated below, this Court grants Defendant's Motion for Summary Judgment.

## STANDARDS

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017) (citing Fed. R. Civ. P. 56(a)). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "[T]he non-moving part must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.*

## BACKGROUND

Between 2002 and 2017, Engstrom worked for the Oregon City School District as an eighth-grade social studies teacher. Joint Statement of Agreed Facts ("Joint Facts"), ECF 27 ¶ 1. In 2014, Engstrom attended Portland State University while continuing to work as a teacher and obtained an administrator license in 2015. Deposition of Rachel Enstrom ("Engstrom Dep.") 19:24–20:3, 21:9–12, Declaration of Nathan Rietmann ("Rietmann Decl.") Ex. 1, ECF 36-1 at 3–5.  After receiving her administrator license, the District hired Engstrom as an Assistant Principal at Gardiner Middle School, where she worked between 2017 and 2021. Joint Facts, ECF 27 ¶ 2.

In December of 2021, an incident occurred at Gardiner Middle School that resulted in Engstrom's transfer out of the school. Two girls at the school showed Engstrom photos of

PAGE 2 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

another student with guns on his bed and a video of him "playing around with a gun," which the girls said the boy had sent them in October. Engstrom Dep. 43:13–44:1, Declaration of Karen Vickers ("Vickers Decl.") Ex. 1, ECF 30-1 at 3–4. A third girl showed Engstrom a post by the boy from the day before, which said: "Bro, nobody go to school Friday if you go to GMS." *Id.* 45:10–46:1, ECF 30-1 at 5–6. The warning accompanied a picture of a gun taken from Roblox or a similar video game. *Id.* 46:2–24, ECF 30-1 at 6. It was around two o'clock in the afternoon when Engstrom spoke with the students, and it was not until after the school day ended, around "four something," that Engstrom alerted the police of the pictures. *Id.* 47:12–23, ECF 30-1 at 7. In response to this incident, "a sizeable number of staff and students stag[ed] a walkout from school" the next day. Plaintiff's Opposition to Motion for Summary Judgment ("Response"), ECF 39 at 9.

After the walkout, Engstrom met with the District's then-Director of Human Resources, who informed her that she was being transferred out of Gardiner Middle School. Declaration of Rachel Engstrom ("Engstrom Decl."), ECF 35 ¶ 3. The then-Director of HR assured Engstrom that she was not being transferred for disciplinary reasons but rather for her safety. *Id.* However, Engstrom "understood the transfer to function as a means of implicitly positioning me as the 'fall guy' and managing the District's public relations response." *Id.* ¶ 4. Engstrom continued to work as a District administrator, and she served as the interim principal of a bilingual elementary school in the final six weeks of the 2021–22 school year. *Id.* ¶ 6; Motion, ECF 29 at 3.

During the 2022–23 school year, Engstrom was the Assistant Principal at Redland Elementary School. Joint Facts, ECF 27 ¶ 3. During the 2023–24 school year, Engstrom split her time as an Assistant Principal at both Redland and Beavercreek Elementary Schools. *Id.* ¶ 4.[1]

---

[1] The fourth paragraph in the Joint Facts is misnumbered as ¶ 5, and this Court will cite it as ¶ 4.

PAGE 3 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

The Oregon City School District employed three elementary school assistant principals during the 2023–24 school year, including Engstrom. *Id.* In the spring of 2024, the District decided to eliminate these three elementary school assistant principal positions "as part of a response to a budget crisis effective" for the 2024–25 school year. *Id.* ¶ 5. After "multiple meetings," the District determined that it "ha[d] to make some cuts." Deposition of Lisa Normand ("Normand Dep.") 15:17–21, Vickers Decl. Ex. 3, ECF 30-3 at 4. The District concluded that because the assistant principals were "split between buildings," they were "not meeting the needs in the building with regard to student support." *Id.* 16:21–17:3, 17:9–12, ECF 30-3 at 5–6. And because the District could not "afford a full-time associate principal," it determined that "it would be better to support the principals with a dean, . . . rather than an administrator because of the resources that [it] had." *Id.* 17:4–12, ECF 30-3 at 6; *see also id.* 17:16–18:3, Rietmann Decl. Ex. 2, ECF 36-2 at 2–3 (testifying that deans "cost less").

On April 4, 2024, Engstrom met with the District's then-Director of Human Resources, Lisa Normand, who notified Engstrom that her position as an elementary school assistant principal was being eliminated due to a reduction in force. Engstrom Dep. 72:3–73:11, Vickers Decl. Ex. 1, ECF 30-1 at 8–9. Although Engstrom would lose her administrative position, the District would offer her a teaching position. *Id.* 72:13–19, ECF 30-1 at 8; *see* Or. Rev. Stat. § 342.934(6)(a) ("[A]n administrator shall retain status and seniority as a contract teacher and voluntarily may return to teaching in a reduction in staff situation."). Engstrom also received a letter from the District, which served as "official notification" that her "position of Elementary Associate Principal is being eliminated due to a reduction in force within the Oregon City School District." Vickers Decl. Ex. 4, ECF 30-4. The reduction in force was effective on June 30, 2024. *Id.*

Engstrom hired a lawyer "[a]s soon as [she] got this notice that [she] was being terminated as an administrator." Engstrom Dep. 82:19–22, Rietmann Decl. Ex. 1, ECF 36-1 at 33. On April 23, 2024, Engstrom's lawyer sent the District a letter, "requesting that the District reconsider its decision to terminate Ms. Engstrom's administrative employment on June 30, 2024." Rietmann Decl. Ex. 7, ECF 36-7 at 2. The letter also stated if the District did not reconsider its decision, then "Ms. Engstrom does wish to exercise her right to be returned to teaching." *Id.* The District responded in a letter on April 26, 2024, which stated that the District "look[s] forward to employing her again as a teacher and in an administrative position should appropriate openings occur." Rietmann Decl. Ex. 6, ECF 36-6.

In June 2024, Engstrom requested and had another meeting with Normand "to reiterate that I do not believe that is appropriate for me to be laid off from my administrative position." Vickers Decl. Ex. 5, ECF 30-5; *see* Engstrom Dep. 75:13–21, Vickers Decl. Ex. 1, ECF 30-1 at 11. Engstrom explained that her "understanding is that there is currently an administrative opening in the District and I am formally requesting to be recalled to that position." Vickers Decl. Ex. 5, ECF 30-5. The meeting did not change the District's decision to conduct the reduction in force. *See* Engstrom Dep. 75:13–21, Vickers Decl. Ex. 1, ECF 30-1 at 11.

As a result of the reduction in force, Engstrom's employment as an administrator ended on June 30, 2024. Joint Facts, ECF 27 ¶ 6. However, since then, Engstrom has worked as a high school social studies teacher in the District. *Id.* ¶ 7. Regarding the two other elementary school assistant principals who lost their positions due to the reduction in force, one "was laid off" and found "an administrative position in another [school] district." Normand Dep. 34:15–21, Vickers Decl. Ex. 3, ECF 30-3 at 7. The District retained the third administrator at a "a dual-language Spanish school" because she "had linguistic expertise as a fluent Spanish speaker." *Id.* 34:22–

PAGE 5 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

35:2, ECF 30-3 at 7–8; Motion, ECF 29 at 4–5. Following the reduction in force, Engstrom did not appeal the decision to an arbitrator as permitted under state law. Joint Facts, ECF 27 ¶ 8; *see* Or. Rev. Stat. § 342.934(8). In addition, Engstrom has not appealed any of the District's alleged failures to recall her to an administrative position through the available state law process. *Id.* Since the reduction in force in 2024, the District has not reinstated the assistant principal position at any of its elementary schools. Engstrom Dep. 76:13–17, Vickers Decl. Ex. 1, ECF 30-1 at 12.

On September 6, 2024, Engstrom filed this lawsuit against the District, bringing one claim under 42 U.S.C. § 1983 for "depriv[ing] Plaintiff of employee as an administrator from July 1, 2024 onward" in violation of the Fourteenth Amendment. Complaint, ECF 1 ¶¶ 1, 35. On January 15, 2025, this Court granted the District's Motion to Dismiss with leave to amend. Opinion and Order Granting in Part Motion to Dismiss, ECF 10. Engstrom filed a First Amended Complaint, ECF 11, and raised the same singular claim under Section 1983. *Id.* ¶¶ 39–48.

The case proceeded to discovery, and on December 5, 2025, the District moved for summary judgment. Motion, ECF 29. Engstrom filed a response in opposition, Response, ECF 39, to which the District replied. Defendant's Reply to Motion for Summary Judgment, ECF 43. This Court finds that the Motion is suitable for decision without oral argument. L.R. 7-1(d)(1); *see Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## DISCUSSION

To prevail on a Section 1983 claim, "a plaintiff must show that an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008). "The Fourteenth Amendment protects against the deprivation of property or liberty without procedural due process." *Brady v. Gebbie*, 859 F.2d 1543, 1547 (9th Cir. 1988). To prevail on a Fourteenth Amendment procedural due process claim, a plaintiff must show (1) "that he has a

protected property interest under the Due Process Clause" and (2) "that he was deprived of the property without receiving the process that he was constitutionally due." *Levine*, 525 F.3d at 905.

As to (1), "[t]o have a property interest in a governmental benefit, including employment, an individual must have an entitlement to the benefit." *Bollow v. Fed. Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1098 (9th Cir. 1981). "A legitimate claim of entitlement arises if it is created by 'existing rules or understandings that stem from an independent source such as state law.'" *Gebbie*, 859 F.2d at 1548 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "Thus 'state law defines what is and what is not property' that is subject to the due process clause of the Fourteenth Amendment. *Id.* (quoting *Dorr v. County of Butte*, 795 F.2d 875, 876 (9th Cir. 1986) (citation modified)). "A state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause, creates a reasonable expectation of continued employment, and thus a protected property right." *Id.*

As to (2), "an employee with a property interest is entitled to a limited pretermination hearing which is to be followed by a more comprehensive post-termination hearing." *Levine*, 525 F.3d at 906. "[T]he root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 331 (9th Cir. 1995) (quoting *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (emphasis in original) (citation modified)). "Although the pre-termination hearing need not be elaborate, 'some kind of hearing' must be afforded the employee prior to termination. *Id.* at 331–32 (quoting *Loudermill*, 470 U.S. at 541).

The District raises two arguments for why it is entitled to summary judgment on Engstrom's procedural due process claim. First, the District contends that "Engstrom's due process claim fails because she was terminated pursuant to a legitimate reduction in force."

PAGE 7 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Motion, ECF 29 at 6. Relying on out-of-circuit authority, the District argues that "process is not required when an employee's position is eliminated as part of a bona fide layoff, reduction in force, or governmental reorganization." *Id.* at 5. Second, the District contends that even if Engstrom's termination procedure was subject to scrutiny under the Due Process Clause, the District provided constitutionally adequate process to Engstrom. *Id.* at 6–9.

This Court agrees with the District's second argument that Engstrom received adequate process, both before and after the reduction in force, and thus declines to reach its first argument. As noted above, "the root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Clements*, 69 F.3d at 331 (quoting *Loudermill*, 470 U.S. at 541 (emphasis in original) (citation modified)). "In general, something less that a full evidentiary hearing is sufficient prior to adverse administrative action." *Cassim v. Bowen*, 824 F.2d 791, 798 (9th Cir. 1987) (quoting *Loudermill*, 470 U.S. at 545 (citation modified)). "The essential requirements of this pre-termination process are *notice* and *an opportunity to respond*." *Clements*, 69 F.3d at 332 (emphasis in original).

Prior to her termination as an elementary school assistant principal, Engstrom received notice and an opportunity to respond to the District's reduction in force. On April 4, 2024, the District sent Engstrom a letter, which notified her that her "position of Elementary Associate Principal is being eliminated due to a reduction in force within the Oregon City School District" to be effective on June 30, 2024. Vickers Decl. Ex. 4, ECF 30-4. That same day, Normand, the District's then-Director of Human Resources met with Engstrom to notify her that her position was being eliminated. Engstrom Dep. 72:3–73:11, Vickers Decl. Ex. 1, ECF 30-1 at 8–9. After engaging legal counsel and requesting that the District reconsider its reduction in force decision, Engstrom again met with Normand in June prior to the reduction in force to discuss whether it

was "appropriate for [Engstrom] to be laid off from [her] administrative position." Vickers Decl. Ex. 5, ECF 30-5; *see* Engstrom Dep. 75:13–21, Vickers Decl. Ex. 1, ECF 30-1 at 11. These communications and meetings between Normand and Engstrom provided Engstrom with pre-termination "notice and an opportunity to respond." *Clements*, 69 F.3d at 332 (citation modified).

And following her termination as an administrator, Engstrom had access to "a more comprehensive post-termination hearing." *Levine*, 525 F.3d at 906. Under state law, Engstrom could "appeal from a decision on reduction in staff or recall" either by (1) "arbitration under the Rules of the Employment Relations Board" or (2) "a procedure mutually agreed upon by the employee representatives and the employer." Or. Rev. Stat. § 342.934(8). As to (1), an arbitration hearing under the rules of the Employment Relations Board provide all the hallmarks of "a full post-termination hearing." *Cassim*, 824 F.2d at 798 (quoting *Loudermill*, 470 U.S. at 546). At the hearing, "[p]arties may present evidence in support of their respective position" and "shall be allowed to cross-examine witnesses and object to offered evidence." Or. Admin. R. 115-010-0070(1)(d). The parties may also offer exhibits and make opening and closing arguments. Or. Admin. R. 115-010-0070(1)(c), (1)(d), (6). Following the hearing, the parties may submit "post-hearing briefs," which "contain a summary of pertinent facts and must contain a discussion of all issues the party seeks to have considered." Or. Admin. R. 115-010-0077(1)– (2). Indeed, the Ninth Circuit has previously found that an "arbitration hearing" procedure in which "both sides may introduce evidence, call and cross-examine witnesses, and submit written briefs" "satisfies due process." *Armstrong v. Meyers*, 964 F.2d 948, 949–50 (9th Cir. 1992). Although Engstrom takes issue with several features of the arbitration procedure, she cites no legal authority for why these features violate the Due Process Clause. Response, ECF 39 at 44– 45.

PAGE 9 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Furthermore, if Engstrom did not wish to undergo the above constitutionally adequate arbitration procedure, state law allowed her to propose an alternative "procedure mutually agreed upon by the employee representatives and the employer." Or. Rev. Stat. § 342.934(8). Therefore, not only did the available arbitration process under Oregon law comply with the Due Process Clause. But also, Engstrom or her lawyer—whom she hired "[a]s soon as [she] got . . . notice that [she] was being terminated as an administrator," Engstrom Dep. 82:19–22, Rietmann Decl. Ex. 1, ECF 36-1 at 33—could have sought modifications to the available arbitration process for her benefit but failed to do so. And "where adequate administrative procedures exist, a person cannot state a claim for denial of procedural rights when [she] has elected to forego a complete hearing." *Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 817 (9th Cir. 1981).

Engstrom raises various counterarguments for why the available process under Oregon law was constitutionally inadequate, but none are availing. First, Engstrom cites *Levine v. City of Alameda*, 525 F.3d 903, 906 (9th Cir. 2008) in support of the proposition that "the District's Human Resources Director meeting with Engstrom briefly and engaging in cursory correspondence regarding her layoff . . . did not satisfy due process." Response, ECF 39 at 43. But as the District correctly points out, the pre-termination process afforded in *Levine* was far less comprehensive than the pre-termination process in this case. In *Levine*, the plaintiff property manager for the City of Alameda alleged that the City violated his procedural due process rights when it terminated his employment. *Levine*, 525 F.3d at 905. The City's Director of Human Resources told the plaintiff that "he was not entitled to a pre-termination hearing under his union contract." *Id.* Nonetheless, the City argued that it had given the plaintiff adequate pre-termination process because the Director of Human Resources and the plaintiff "ran into each other in the Human Resources Department where they had a five-minute talk and visited in general." *Id.* at

PAGE 10 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

905–06. It was in this context that the Ninth Circuit held that the plaintiff's "due process rights were violated by the failure to provide a pretermination hearing." *Id.* at 906. Here, Engstrom received more process than a happenstance five-minute talk. As discussed above, she met twice with the District's Director of HR to discuss the reduction in force, and she had several communications with the District regarding both her termination as an administrator and her return to teaching.

Second, Engstrom contends that the "District used reduction-in-force as pretext to terminate Engstrom's employment," Response, ECF 39 at 39, but Engstrom has not produced "evidence from which a jury could reasonably" reach such a conclusion. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387. More precisely, Engstrom claims that "the record supports a reasonable inference that the District selected her for layoff . . . based on her handling of a single, isolated incident at Gardiner Middle School in 2021—an incident for which she was never disciplined." Response, ECF 39 at 39. But Engstrom offers no citations to the record in making this argument, and the record in fact shows that there is no genuine dispute of material fact that the *2024* reduction in force was not a pretext to retaliate against Engstrom for the *2021* incident. First off, the reduction in force was in "response to a budget crisis," Joint Facts, ECF 27 ¶ 5, and even Engstrom agrees that "the District faced certain budgetary constraints in 2024," Response, ECF 39 at 40. Engstrom also overlooks that two other elementary school assistant principals lost their positions due to the reduction in force, and one of the two did not receive any offer of alternative employment from the District, as Engstrom did. Normand Dep. 34:15–35:2, Vickers Decl. Ex. 3, ECF 30-3 at 7–8. More broadly, after the 2021 incident, the District allowed her to continue working as a District administrator, and she even served as an interim principal at the end of the same school year. Engstrom Decl., ECF 35 ¶¶ 3, 6. And in both the 2022–23 school year and the

PAGE 11 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

2023–24 school year until the reduction in force, Engstrom was an elementary school assistant principal. Joint Facts, ECF 27 ¶¶ 3–4. Lastly, since the reduction in force in 2024, the District has not reinstated the assistant principal position at any of its elementary schools, which further undermines Engstrom's claim that her termination was pretextual. Engstrom Dep. 76:13–17, Vickers Decl. Ex. 1, ECF 30-1 at 12. In short, there is no triable issue on whether the District conducted a reduction in force to retaliate against Engstrom for conduct from three years earlier.

Third, Engstrom argues that "[b]y assuring Engstrom that her recall rights would be honored and then later depriving her of those rights without process, the District prevented her from timely invoking arbitration or other available procedural safeguards." Response, ECF 39 at 47. As an initial matter, Engstrom overstates the "assurance" that the District provided her. The District merely notified her that "[s]he will also retain recall rights to administrative positions as they become available." Rietmann Decl. Ex. 6, ECF 36-6. But in any event, state law provides the mechanism to challenge the District's decision not to recall: "An appeal from a decision on reduction in staff *or recall* under this section shall be by arbitration under the rules of the Employment Relations Board or by a procedure mutually agreed upon by the employee representatives and the employer." Or. Rev. Stat. § 342.934(8) (emphasis added). A discussed above, this procedure provides adequate process under the Due Process Clause. And again, "where adequate administrative procedures exist, a person cannot state a claim for denial of procedural rights when [she] has elected to forego a complete hearing." *Correa*, 645 F.2d at 817. That is the case here, and therefore, Engstrom's Section 1983 claim that the District violated her procedural due process rights under the Fourteenth Amendment fails as a matter of law.

## CONCLUSION

Defendant's Motion for Summary Judgment, ECF 29, is GRANTED.

PAGE 12 – OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**IT IS SO ORDERED.**

DATED this 16th day of March, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge